**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: 2011-NMCA-014

Filing Date: August 31, 2007

Docket No. 30,797

TRI-STATE GENERATION AND
TRANSMISSION ASSOCIATION, INC., and
NEW MEXICO MINING ASSOCIATION,

       Petitioners-Appellees,

v.

JOHN D'ANTONIO, JR., STATE
ENGINEER OF NEW MEXICO,

       Respondent-Appellant.

APPEAL FROM THE DISTRICT COURT OF SOCORRO COUNTY
Mathew G. Reynolds, District Judge

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Sunny J. Nixon
James P. Bieg
Edward Ricco
Santa Fe, NM

for Appellee Tri-State Generation and Transmission

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Mark K. Adams
Santa Fe, NM

for Appellee New Mexico Mining Association

Gary K. King, Attorney General
Stephen R. Farris, Assistant Attorney General
Frances C. Bassett, Assistant Attorney General
Santa Fe, NM

New Mexico Office of the State Engineer

DL Sanders, Special Assistant Attorney General
Santa Fe, NM

Sutin, Thayer & Browne
Paul Bardacke, Special Assistant Attorney General
Peter S. Kierst, Special Assistant Attorney General
C. Shannon Bacon, Special Assistant Attorney General
Albuquerque, NM

for Appellant

**OPINION**

**PICKARD, Judge.**

**{1}**     Respondent, the New Mexico State Engineer (State Engineer), seeks to appeal the district court's order reversing portions of the State Engineer's Active Water Resource Management (AWRM) regulations on the basis that some of the regulations are unconstitutional.  At issue is whether the State Engineer should have sought review by our Court by filing a petition for writ of certiorari or by filing a notice of appeal.  We take this opportunity to discuss the proper procedure for seeking review of the State Engineer's adoption of regulations, and we hold that the State Engineer's filing of a notice of appeal is both appropriate and timely.

**BACKGROUND**

**{2}**     In 2003, the legislature enacted NMSA 1978, § 72-2-9.1 (2003), which states that

> the adjudication process is slow, the need for water administration is urgent, compliance with interstate compacts is imperative and the state engineer has authority to administer water allocations in accordance with the water right priorities recorded with or declared or otherwise available to the state engineer.

Section 72-2-9.1(A).  The statutory provision further provides that "[t]he state engineer shall adopt rules for priority administration to ensure that authority is exercised."  Section 72-2-9.1(B).

**{3}**     Relying on Section 72-2-9.1, the State Engineer drafted regulations for the management and regulation of water and made the regulations available for public comment. *See* NMSA 1978, § 72-2-8 (1967) (addressing the State Engineer's authority to promulgate regulations).  Many comments in opposition were received in writing, at a public hearing, and in private meetings.  In response to the comments, the State Engineer revised some of the regulations.  The revised AWRM regulations were adopted as final regulations in

2

December 2004.

**{4}** Following the enactment of the AWRM regulations, Petitioners filed a Rule 1-075 NMRA petition for writ of certiorari in district court. The parties agreed below that the proceedings were Rule 1-075 proceedings and the district court conducted its review pursuant to Rule 1-075.

**{5}** The district court subsequently ruled partially in Petitioners' favor and reversed portions of the regulations on the basis that some of the provisions were unconstitutional. The State Engineer did not file a petition for writ of certiorari within twenty days of the district court's order, as required by Rule 12-505(C) NMRA. Instead, the State Engineer filed a notice of appeal twenty-nine days after the district court's order. On the same day, the State Engineer filed a "Motion for Extension of Time and the Determination of the Applicable Process for an Appeal by the New Mexico State Engineer in this Case." That motion is the matter currently before this Court.

**DISCUSSION**

**{6}** In its motion, the State Engineer requests both an extension of time to file a petition for writ of certiorari, if necessary, and a clarification from our Court regarding the proper process for an appeal in such cases. According to the State Engineer, "[i]t is not clear whether the proper avenue for the Petitioners' challenge was an administrative appeal under Rule 1-075, or whether the Petitioners should have availed themselves of their statutory right of appeal under NMSA 1978, § 72-7-1(A) (1971)." The State Engineer expresses confusion over whether review by this Court should be obtained by petition for writ of certiorari or by filing a notice of appeal.

**{7}** In response, Petitioners argue that the State Engineer is seeking to excuse its failure to file a petition for writ of certiorari within twenty days of the district court's final order "by feigning ignorance and ambiguity about the status of the proceedings in this case," when it was clear to all the parties involved that Rule 1-075 was applicable. Petitioners further assert that because "the State Engineer failed to comply with the simple and unambiguous provisions of Rule 12-505, . . . the State Engineer's request for extension of time to file his petition should be denied and the tardy appeal should be dismissed."

**{8}** We take this opportunity to address the proper procedure for appealing the adoption of rules and/or regulations by the State Engineer. Additionally, we address whether dismissal is mandated if Petitioners sought review of the State Engineer's actions in an incorrect manner. Lastly, we address the effect of the State Engineer's acquiescence to the application of Rule 1-075 to the proceedings.

**Rule 1-075**

**{9}** Rule 1-075 is one of the "two rules of civil procedure governing district court review of administrative decisions or orders." *Dixon v. State Taxation & Revenue Dep't*, 2004-NMCA-044, ¶ 2, 135 N.M. 431, 89 P.3d 680; *see* Rule 1-074(A) NMRA (governing review

from agency decisions where "there is a statutory right of review to the district court"). Rule 1-075 "governs writs of certiorari to administrative officers and agencies pursuant to the New Mexico Constitution when there is no statutory right to an appeal or other statutory right of review." Rule 1-075(A). Under this rule, a party aggrieved by a final decision or order of an agency may seek district court review of the decision or order by filing a petition for writ of certiorari in the district court within thirty days of the agency action. Rule 1-075(B), (D). After issuing the writ of certiorari,

> [t]he district court may enter an order reversing the decision of the agency if it finds that:
>     (1) the agency acted fraudulently, arbitrarily or capriciously;
>     (2) based upon the whole record on review, the decision of the agency is not supported by substantial evidence;
>     (3) the action of the agency was outside the scope of authority of the agency; or
>     (4) the action of the agency was otherwise not in accordance with law.

Rule 1-075(Q). A party then wishing appellate review of the decision of the district court must file a petition for writ of certiorari "within twenty (20) days after entry of the final action by the district court." Rule 12-505(C); *see Paule v. Bd. of County Comm'rs*, 2005-NMSC-021, ¶ 14, 138 N.M. 82, 117 P.3d 240 ("A party aggrieved by the district court's order in an administrative appeal may seek review of the decision by filing a petition for writ of certiorari with the Court of Appeals.").

**{10}** In the present case, Petitioners invoked the appellate jurisdiction of the district court by filing a petition for writ of certiorari pursuant to Rule 1-075 within thirty days of the State Engineer's order adopting the AWRM regulations. If, as Petitioners maintain, Rule 1-075 was indeed the proper avenue to challenge the AWRM regulations, the State Engineer needed to file a petition for writ of certiorari within twenty days of the district court's order ruling portions of the regulations unconstitutional. *See* Rule 12-505(C); *Paule*, 2005-NMSC-021, ¶ 14; *Dixon*, 2004-NMCA-044, ¶¶ 3-8. We conclude that Rule 1-075 was not the proper means by which to challenge the State Engineer's adoption of the AWRM regulations.

**{11}** While Rule 1-075 governs district court review of agency decisions or orders where there is no statutory right to an appeal, as Petitioners maintain in the present case, we question whether the rule governs review of State Engineer decisions or orders involving water rights. Notably, the New Mexico Constitution provides that "[i]n any appeal to the district court from the decision, act or refusal to act of any state executive officer or body in matters relating to water rights, the proceeding upon appeal shall be *de novo* as cases originally docketed in the district court unless otherwise provided by law." N.M. Const. art. XVI, § 5 (emphasis added). Conversely, Rule 1-075 does not provide for de novo review, but instead employs a scope of review that is analogous to the standard of review typically employed by this Court in reviewing decisions by administrative agencies. *See* Rule 1-

075(Q); *see also Clayton v. Farmington City Council*, 120 N.M. 448, 453, 902 P.2d 1051, 1056 (Ct. App. 1995) ("When reviewing most administrative decisions, the district court and appellate court examination is limited to assessing, in light of the whole record, whether the agency acted arbitrarily or capriciously, whether the agency decision was supported by substantial evidence, and whether the agency acted within the scope of its authority.").

**{12}** The fact that Rule 1-075 prescribes an entirely different scope of review than is mandated in cases involving water rights leads this Court to conclude that Rule 1-075 is likely not an appropriate means by which to obtain review of a decision or order of the State Engineer. *Cf. Anthony Water & Sanitation Dist. v. Turney*, 2002-NMCA-095, ¶ 8, 132 N.M. 683, 54 P.3d 87 (observing that "Rule 1-074 contemplates an appellate review proceeding in the district court whereas appeals from the State Engineer are constitutionally required to be tried de novo"). Interestingly, Petitioners do not explain or otherwise address this apparent conflict between Rule 1-075 and article XVI, section 5 in any of their filings in this Court except to say that the constitution does not create any right of review, which appears to us to be beside the point. As previously recognized by our Court, "Rule 1-075(A) *governs but does not itself create a right* to obtain a constitutional writ of certiorari to an administrative entity when there is no statutory right to an appeal or other statutory right of review." *Moriarty Mun. Sch. v. N.M. Pub. Sch. Ins. Auth.*, 2001-NMCA-096, ¶ 34, 131 N.M. 180, 34 P.3d 124 (emphasis added) (internal quotation marks and citation omitted). Notably, "[t]he constitutional grant of appellate jurisdiction in all cases originating in inferior courts and tribunals does not apply or preempt original jurisdiction . . . when no quasi-judicial, adjudicatory proceeding precedes the decision of the administrative board." *Id.* ¶ 35. In the present case, there is no dispute that the State Engineer was acting in a rule making capacity as opposed to a quasi-judicial capacity. We therefore agree with the State Engineer's assertion that Petitioners should not have sought review of the AWRM regulations pursuant to Rule 1-075.

**Section 72-7-1**

**{13}** The State Engineer argues that Section 72-7-1 provides a statutory right to appeal and that Petitioners should have pursued their appeal under that statutory provision. Under Section 72-7-1, review of the district court's decision by our Court is obtained by filing a notice of appeal, as opposed to a petition for writ of certiorari. *Town of Silver City v. Scartaccini*, 2006-NMCA-009, ¶ 7, 138 N.M. 813, 126 P.3d 1177. Although we agree that Section 72-7-1 does create a statutory right to appeal actions taken by the State Engineer under certain circumstances, we do not believe that such circumstances are present in the instant case.

**{14}** Section 72-7-1 provides that:

> A. Any applicant or other party dissatisfied with any decision, act or refusal to act of the state engineer may appeal to the district court of the county in which the work or point of desired appropriation is situated.
>
> B. Appeals to the district court shall be taken by serving a notice

of appeal upon the state engineer and all parties interested within thirty days after receipt by certified mail of notice of the decision, act or refusal to act. If an appeal is not timely taken, the action of the state engineer is conclusive.

C.      The notice of appeal may be served in the same manner as a summons in civil actions brought before the district court or by publication i[n] some newspaper printed in the county or water district in which the work or point of desired appropriation is situated, once a week for four consecutive weeks. The last publication shall be at least twenty days prior to the date the appeal may be heard. Proof of service of the notice of appeal shall be made in the same manner as in actions brought in the district court and shall be filed in the district court within thirty days after service is complete. At the time of filing the proof of service and upon payment by the appellant of the civil docket fee, the clerk of the district court shall docket the appeal.

D.      Costs shall be taxed in the same manner as in cases brought in the district court and bond for costs may be required upon proper application.

E.      The proceeding upon appeal shall be de novo as cases originally docketed in the district court. Evidence taken in a hearing before the state engineer may be considered as original evidence subject to legal objection, the same as if the evidence was originally offered in the district court. The court shall allow all amendments which may be necessary in furtherance of justice and may submit any question of fact arising therein to a jury or to one or more referees at its discretion.

According to NMSA 1978, § 72-7-3 (1923), the parties are then bound by the decision of the district court unless an appeal is taken to our Court. "[A]ppeals under Section 72-7-3 are governed by Rule 12-201 [NMRA] rather than Rule 12-505," meaning that a party aggrieved by the district court's decision may appeal by filing a notice of appeal within thirty days of the district court's final order. *Scartaccini*, 2006-NMCA-009, ¶ 7.

**{15}**    Initially, we recognize that the phrase "any decision, act or refusal to act" in Section 72-7-1(A) does appear to encompass the rule making action taken by the State Engineer in the present case. As previously recognized by our courts, the word "decision" includes administrative rule making. *Wylie Bros. Contracting Co. v. Albuquerque-Bernalillo County Air Quality Control Bd.*, 80 N.M. 633, 639-40, 459 P.2d 159, 165-66 (Ct. App. 1969) (noting that "decision" is defined as "a determination arrived at after consideration, an opinion formed, or a course of action decided upon" and holding that "it embraces regulations adopted by a board and filed with the Supreme Court Law Librarian" (internal quotation marks and citation omitted)). At first glance, therefore, it appears that Section 72-7-1 does provide a statutory right to appeal from the State Engineer's order adopting the AWRM regulations.

**{16}**    More problematic, however, are the references in Section 72-7-1(A) to "applicant or

6

other party" and "work or point of desired appropriation." Such references seem to indicate that Section 72-7-1 was intended to apply to the State Engineer decisions involving appropriations and applications for permits, i.e., specific water rights disputes, rather than to administrative rule making.

**{17}** Similarly, we observe that language within Section 72-7-1(B) also indicates that the statute was likely not intended to apply to administrative rule making. Section 72-7-1(B) provides that parties aggrieved by a decision of the State Engineer must serve a notice of appeal within thirty days "after receipt by certified mail of notice of the decision, act or refusal to act." Notably, in the present case, the State Engineer did not mail his order adopting the AWRM regulations upon any interested parties. Indeed, as observed by Petitioners, "interested parties" in the AWRM regulations "could conceivably include all citizens or residents of the state." As such, we believe that the statute was intended to cover specific disputes regarding water rights, not the adoption of rules and/or regulations. We therefore disagree with the State Engineer's assertion that Petitioners should have appealed the order adopting the AWRM regulations by filing a notice of appeal pursuant to Section 72-7-1.

### NMSA 1978, § 72-2-16 (1973)

**{18}** The State Engineer also argues that Section 72-2-16 also provides a statutory right to appeal. Section 72-2-16 provides that:

> The state engineer may order that a hearing be held before he enters a decision, acts or refuses to act. If, without holding a hearing, the state engineer enters a decision, acts or refuses to act, any person aggrieved by the decision, act or refusal to act, is entitled to a hearing, if a request for a hearing is made in writing within thirty days after receipt by certified mail of notice of the decision, act or refusal to act. Hearings shall be held before the state engineer or his appointed examiner. A record shall be made of all hearings. No appeal shall be taken to the district court until the state engineer has held a hearing and entered his decision in the hearing.

We disagree with the State Engineer's assertion that the above section provides a right to appeal under the circumstances of this case.

**{19}** We understand Section 72-2-16 to address water adjudications in the context of a specific dispute and also to create a statutory right to a hearing when certain conditions are met. *See Derringer v. Turney*, 2001-NMCA-075, ¶ 12, 131 N.M. 40, 33 P.3d 40. Additionally, we observe that Section 72-2-16 requires that individuals aggrieved by a "decision, act or refusal to act" by the State Engineer exhaust his or her administrative remedies prior to appeal by seeking a hearing. *See Derringer*, 2001-NMCA-075, ¶ 14. We note that the State Engineer does not explain how this section creates a right of appeal other than to merely quote its language. We therefore conclude that Section 72-2-16 is not applicable in the present case.

7

**Declaratory Judgment**

**{20}** Having concluded that neither Rule 1-075 nor the various statutory provisions cited by the State Engineer provide adequate bases for appeal from the adoption of the AWRM regulations, we now must decide how the State Engineer's actions in the present case should have been challenged by Petitioners. We conclude that Petitioners should have challenged the AWRM regulations by filing a complaint for declaratory judgment with the district court.

**{21}** The Declaratory Judgment Act, NMSA 1978, §§ 44-6-1 to -15 (1975), provides that

> the state of New Mexico, or any official thereof, may be sued and declaratory judgment entered when the rights, status or other legal relations of the parties call for a construction of the constitution of the state of New Mexico, the constitution of the United States or any of the laws of the state of New Mexico or the United States, or any statute thereof.

Section 44-6-13. We observe that declaratory actions have been used on multiple occasions in New Mexico to challenge administrative agency rule making. *See, e.g.*, *New Mexico Right to Choose/NARAL v. Johnson*, 1999-NMSC-005, ¶¶ 2, 23, 126 N.M. 788, 975 P.2d 841 (involving suit under Declaratory Judgment Act challenging the Human Services Department's adoption of a rule "prohibiting state funding for certain medically necessary abortions"); *Howell v. Heim*, 118 N.M. 500, 502, 882 P.2d 541, 543 (1994) (involving suit for declaratory and injunctive relief regarding the Human Services Department's adoption of a regulation imposing a limitation on receipt of general assistance benefits); *Munroe v. Wall*, 66 N.M. 15, 16, 340 P.2d 1069, 1069 (1959) (involving suit under Declaratory Judgment Act challenging the legality of a public hospital's regulations); *Johnson v. Francke*, 105 N.M. 564, 565, 734 P.2d 804, 805 (Ct. App. 1987) (involving declaratory action against Secretary of Corrections challenging the validity of rules and regulations governing conduct and discipline of prisoners). Unlike proceedings under Rule 1-075, the district court's final order under the Declaratory Judgment Act is appealed by filing a notice of appeal within thirty days of the court's decision. *See* Rule 12-201(A)(2).

**{22}** Where, as here, there does not appear to be any statutory right to appeal and that other avenues for review, i.e., Rule 1-075, seem equally foreclosed, an action for declaratory judgment may be the only means by which Petitioners could have challenged the State Engineer's actions. *Cf. City of Albuquerque v. Ryon*, 106 N.M. 600, 603, 747 P.2d 246, 249 (1987) ("[D]eclaratory judgment actions are not intended to provide a substitute for other available actions."); *Grand Lodge of Ancient & Accepted Masons of N.M. v. State Taxation & Revenue Dep't*, 106 N.M. 179, 181, 740 P.2d 1163, 1165 (Ct. App. 1987) ("Actions for declaratory judgment were not intended as a substitute for statutory judicial review of administrative action."). We therefore hold that, under the current state of statutory law and court rules, the proper avenue by which to challenge rule making affecting water rights by the State Engineer is to invoke the original jurisdiction of the court by filing a complaint for declaratory judgment.

**Effect of Petitioners' Failure to Bring the Action as a Complaint for Declaratory**

**Judgment**

**{23}** The State Engineer asserts that if Petitioners could not seek review of the AWRM regulations by invoking the appellate jurisdiction of the district court under Rule 1-075 or by a statutory right to appeal, "[t]he appeal should be dismissed, and the district court's decision and judgment should be vacated as void *ab initio*." Although we agree that Petitioners incorrectly sought review of the regulations under Rule 1-075, we do not agree that this error mandates that the appeal be dismissed and the district court's judgment be vacated.

**{24}** We observe that "[t]he district courts of this State have broad jurisdiction—legal and equitable, original and appellate." *State ex rel. State Highway & Transp. Dep't v. City of Sunland Park*, 2000-NMCA-044, ¶ 10, 129 N.M. 151, 3 P.3d 128. District courts have original jurisdiction to hear claims for declaratory judgment. *See* § 44-6-2 ("[D]istrict courts within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed."). Moreover, the court's original jurisdiction may be exercised at the same time as its appellate jurisdiction. *See Maso v. State Taxation & Revenue Dep't*, 2004-NMCA-025, ¶ 17, 135 N.M. 152, 85 P.3d 276 ("[T]he district court can simultaneously exercise its appellate and original jurisdiction."), *aff'd*, 2004-NMSC-028, 136 N.M. 161, 96 P.3d 286. Thus, although Petitioners invoked the appellate jurisdiction of the district court by filing a petition for writ of certiorari under Rule 1-075, the district court was not foreclosed from also exercising its original jurisdiction.

**{25}** Our decision in *Maso* is instructive on this issue. In *Maso*, the appellant's driver's license was revoked as a result of driving while intoxicated. 2004-NMCA-025, ¶ 4. The appellant failed to request a revocation hearing in a timely manner and, as such, the Motor Vehicles Division (MVD) denied his request for a hearing. *Id.* ¶¶ 4-5. The appellant then appealed to the district court under Rule 1-074(A) (which governs appeals from agency actions when there is a statutory right of review), arguing that the denial of a revocation hearing deprived him of his due process rights. *Maso*, 2004-NMCA-025, ¶ 6. After the district court rejected the appellant's argument, he petitioned our Court for writ of certiorari. *Id.*

**{26}** On appeal, our Court held that the appellant's due process arguments "must be considered in the first instance by the district court pursuant to its original jurisdiction" because such claims were beyond the scope of the MVD revocation hearing. *Id.* ¶ 2. We observed that although "the district court's opinion purports to exercise appellate jurisdiction pursuant to Rule 1-074(Q) . . . it is clear from the substance of the six-page opinion that the district court fully considered the parties' arguments . . . unconstrained by the statutory limits on appellate review." *Maso*, 2004-NMCA-025, ¶ 15. Thus, although the district court was purportedly operating under its appellate jurisdiction, we nonetheless construed "the opinion and order as properly issuing pursuant to the district court's original jurisdiction" in the interest of judicial economy. *Id.* ¶¶ 2, 15.

**{27}** As in *Maso*, we construe the district court's judgment and order below as issuing

pursuant to the court's original jurisdiction. We observe that although the parties and district court acknowledged the appellate scope of review described in Rule 1-075(Q), a review of the court's memorandum decision indicates that it did not base its decision on any factual findings, but ruled instead that the AWRM regulations were unconstitutional as a matter of law. Thus, it does not appear that the district court was constrained by "statutory limits on appellate review." *See Maso*, 2004-NMCA-025, ¶ 15.

**{28}** Additionally, we do not believe that construing Petitioners' claims in such a manner is prejudicial to the State Engineer. We note that the State Engineer did not question the manner in which the proceedings were brought below. Moreover, neither party argues that the issues were not fully briefed or argued below. As such, in the interest of judicial economy, we believe that Petitioners' challenge to the AWRM regulations should be treated as an action for declaratory judgment and that the district court's decision should therefore be treated as arising from its original jurisdiction. As such, the State Engineer's notice of appeal was both appropriate and timely. *See* Rule 12-201(A)(2).

**The Effect of the State Engineer's Acquiescence Below to the Rule 1-075 Proceeding**

**{29}** In light of our conclusion that Petitioners should have challenged the State Engineer's actions by invoking the district court's original jurisdiction under the Declaratory Judgment Act, we must now consider the effect of the State Engineer's acquiescence to the matter proceeding under the district court's Rule 1-075 appellate jurisdiction instead. In doing so, we remain mindful of the fact that "an important policy . . . is to construe the Rules of Appellate Procedure liberally so that appeals may be determined on their merits." *Capco Acquisub, Inc. v. Greka Energy Corp.*, 2007-NMCA-011, ¶ 16, 140 N.M. 920, 149 P.3d 1017.

**{30}** Petitioners contend that because the State Engineer knew that the proceedings below were brought pursuant to Rule 1-075 and expressly acquiesced to the procedure, the State Engineer has waived any argument as to the applicability of Rule 1-075 to the proceedings. We question, however, whether the parties could agree to proceed under Rule 1-075 when the scope of review described in the rule is directly contrary to the scope of review in water rights appeals as mandated by article XVI, section 5 of the New Mexico Constitution. *Compare Kibbe v. Elida Sch. Dist. (In re Termination of Kibbe)*, 2000-NMSC-006, ¶ 13, 128 N.M. 629, 996 P.2d 419 (reviewing school board decision under Rule 1-075(Q) to determine whether it was "arbitrary or capricious, not supported by substantial evidence in the record as a whole, or otherwise not in accordance with law"), *with Anthony Water & Sanitation Dist.*, 2002-NMCA-095, ¶ 8 (observing "appeals from the State Engineer are constitutionally required to be tried de novo" pursuant to article XVI, section 5 of the New Mexico Constitution).

**{31}** Moreover, while we are troubled by the State Engineer's treatment of the case as a Rule 1-075 proceeding until it came time to appeal, we do not believe that permitting an appeal in this case is prejudicial to Petitioners. As previously noted, neither party argues that the issues were not fully briefed or addressed below. Further, Petitioners do not assert that they were prejudiced at all by the nature of the proceedings. As such, we conclude that the

10

State Engineer's notice of appeal was proper and timely. Because we hold that the notice of appeal was proper, we deny the State Engineer's motion for an extension of time in which to file a petition for writ of certiorari as moot.

**CONCLUSION**

{32}    For the foregoing reasons, we allow the State Engineer to appeal the district court's final judgment and order. The State Engineer's docketing statement shall be filed on or before September 17, 2007.

{33}    **IT IS SO ORDERED.**

_____
                                        **LYNN PICKARD, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**Topic Index for *Tri-State Generation v. D'Antonio*, Docket No. 30,797**

| | |
|---|---|
| **AL** | **ADMINISTRATIVE LAW AND PROCEDURE** |
| AL-AA | Administrative Appeal |
| AL-DU | Due Process |
| AL-JR | Judicial Review |
| AL-RU | Rules |
| AL-SC | Scope of Review |
| AL-TM | Timeliness |
| | |
| **AE** | **APPEAL AND ERROR** |
| AE-AJ | Appellate Jurisdiction |
| AE-AR | Appellate Review |
| AE-CF | Certiorari |
| AE-NA | Notice of Appeal |
| | |
| **GV** | **GOVERNMENT** |
| GV-SE | State Engineer |
| | |
| **JM** | **JUDGMENT** |
| JM-DJ | Declaratory Judgment |
| | |
| **JD** | **JURISDICTION** |

| | |
|---|---|
| JD-A | Appellate Jurisdiction |
| JD-DC | District Court |
| | |
| **NR** | **NATURAL RESOURCES** |
| NR-WL | Water Law |