This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39837**

**DALLAS J. BARTON,**

 Plaintiff-Appellant,

v.

**NEW MEXICO RACING COMMISSION;
IZZY TREJO, in his individual capacity;
LEASA JOHNSON, in her individual
capacity,**

 Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Lisa C. Ortega, District Court Judge**

Western Agriculture, Resource and Business Advocates, LLP
A. Blair Dunn
Jared R. Vander Dussen
Albuquerque, NM

for Appellant

Park & Associates, LLC
Alfred A. Park
Geoffrey D. White
Albuquerque, NM

for Appellee New Mexico Racing Commission

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** In this appeal, Plaintiff Dallas J. Barton argues that the district court erred in dismissing his complaint against the New Mexico Racing Commission for lack of jurisdiction. We affirm in part and reverse in part.

## BACKGROUND

**{2}** Plaintiff is a horse trainer licensed by the Commission. In 2018, Thunder Dome—a horse trained by Plaintiff—tested positive for a prohibited amount of Phenylbutazone. Plaintiff alleged that he was fined, suspended, and stripped of his first-place purse. Plaintiff filed a petition for writ of certiorari seeking the district court's review of the agency proceedings, pursuant to Rule 1-075 NMRA, and contemporaneously filed a complaint that included two claims for damages under 42 U.S.C. § 1983 and a claim for declaratory relief. In the complaint, Plaintiff asserted that the Commission violated his due process rights by changing its testing laboratories and testing procedure without notice.

**{3}** In the administrative appeal, the district court reversed the Commission's decision and remanded the matter for the Commission to dismiss the proceedings against Plaintiff. In the same order, the district court dismissed Plaintiff's complaint, concluding that it lacked jurisdiction. Plaintiff appeals the district court's dismissal of his complaint.

## DISCUSSION

**{4}** "[T]he question of whether a trial court has jurisdiction in a particular case is a question of law that we review de novo." *Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 10, 142 N.M. 786, 171 P.3d 300.

**{5}** In this case, the district court determined that it did not have jurisdiction over Plaintiff's complaint under *Smith*, which discussed the interplay of judicial review of administrative decisions by writ of certiorari under Rule 1-075, and the use of declaratory judgment actions to challenge an administrative action. *See Smith*, 2007-NMSC-055, ¶¶ 12-20. Here, Plaintiff sought certiorari review of the administrative decision and prevailed in overturning the Commission's adverse decision, thereby eliminating the punitive result of the administrative proceedings. Under the circumstances, the district court's dismissal of Plaintiff's request for declaratory relief adhered to this Court's precedent. *See Johnson v. Lally*, 1994-NMCA-135, ¶ 1, 118 N.M. 795, 887 P.2d 1262 (concluding that "past wrongs, even unconstitutional wrongs, do not create a foundation for declaratory relief without either continuing illegal actions or continuing consequences to [the p]laintiff"). Based on *Smith* and *Johnson*, we affirm the district court's determination that declaratory relief was not available to Plaintiff.

**{6}** These cases, however, only resolve the portion of Plaintiff's complaint that sought declaratory relief based upon the contention that the Commission had violated Plaintiff's constitutional rights; they do not provide grounds for dismissal of the other claims for damages alleged in the complaint. The district court did not expressly rule on

Plaintiff's § 1983 claims or provide a basis to explain why the court believed dismissal was appropriate as to those counts.

**{7}** Plaintiff argues there is no bar to the district court's exercise of jurisdiction over those causes of action, contending specifically that "nothing in *Smith* or Rule [1-0]75 prohibits the filing of a complaint in addition to the petition for writ of certiorari and, in fact, judicial efficiency would encourage it." Plaintiff adds that neither the rule nor any statute "prohibits [an a]ppellant from seeking relief for the first time concurrently with the [d]istrict [c]ourt's appellate review." We agree.[1] In *Tri-State Generation & Transmission Association, Inc. v. D'Antonio*, 2011-NMCA-014, ¶ 24, 149 N.M. 386, 249 P.3d 924, this Court noted that "[t]he district courts of this [s]tate have broad jurisdiction—legal and equitable, original and appellate. . . . Moreover, the court's original jurisdiction may be exercised at the same time as its appellate jurisdiction." (Internal quotation marks and citations omitted.) *See also Maso v. N.M. Tax'n & Revenue Dep't*, 2004-NMCA-025, ¶ 17, 135 N.M. 152, 85 P.3d 276 ("[T]he district court can simultaneously exercise its appellate and original jurisdiction."); *White v. Farris*, 2021-NMCA-014, ¶ 22, 485 P.3d 791 (same). Thus, the fact that Plaintiff "invoked the appellate jurisdiction of the district court by filing a petition for writ of certiorari under Rule 1-075" did not foreclose the court "from also exercising its original jurisdiction." *Tri-State Generation & Transmission Ass'n, Inc.*, 2011-NMCA-014, ¶ 24.

## CONCLUSION

**{8}** For the foregoing reasons, we affirm the district court's dismissal of Plaintiff's claim for declaratory relief but reverse the district court's dismissal of Plaintiff's claims for damages and remand for further proceedings.

**{9}   IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

---

1While the dissent notes that Plaintiff does not specifically reference his § 1983 claims at length in his brief in chief, there is no question that Plaintiff asked this Court to review "whether the [d]istrict [c]ourt properly dismissed a declaratory judgment complaint for due process violations pursuant to 42 U.S.C. § 1983 filed concurrently with the administrative appeal." Plaintiff's briefing refers repeatedly to the dismissal of the complaint *as a whole* on jurisdictional grounds, and not merely to his claim for declaratory relief. The briefing likewise makes clear that Plaintiff believed the dismissal was in error and there was no jurisdictional bar to his request for damages—relief that was only available via his § 1983 claims. Because the dismissal of the § 1983 claims was properly presented to this Court, and the law is reasonably well-settled on the jurisdictional issue, there is no reason to avoid deciding the appeal on the merits.

To the extent the dissent suggests that Plaintiff cannot establish any actual damages in connection with his § 1983 claims, there is no basis to conclude from this record that Plaintiff did not incur damages as a result of the Commission's actions, even if the fine and suspension have now been reversed. As well, Defendant did not make any such argument in its answer brief or argue that the district court could be affirmed as right for any reason on this ground. In short, that issue is not before us on appeal.

**J. MILES HANISEE, Judge**

**KRISTINA BOGARDUS, Judge, concurring in part and dissenting in part**

**BOGARDUS, Judge, (concurring in part and dissenting in part).**

**{10}** I concur in the majority decision affirming the district court's reversal of the Commission's decision. I depart from the majority regarding its remand to consider Petitioner's § 1983 claim. It is unclear whether Plaintiff challenges the district court's dismissal of his constitutional claims, including the § 1983 claims; the phrase "§ 1983" was mentioned only once in Plaintiff's brief in chief, in the introduction. Petitioner's argument on appeal was entirely devoted to his claim for declaratory relief. Accordingly, in my view, Plaintiff did not develop his arguments challenging the district court's dismissal of the constitutional claims and therefore this Court should not consider the challenges. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (stating that this Court will not consider unclear or undeveloped arguments).

**{11}** Even so, setting aside the constitutional challenges, this Court clarified in *Johnson*, 1994-NMCA-135, ¶¶ 5, 17, that declaratory relief, even for a past constitutional violation, is inappropriate absent the likelihood of continuing unconstitutional activity, or continuing legal consequences. The *Johnson* court resolved a dispositive question in this case: "[W]hether a declaratory judgment is an appropriate remedy solely to vindicate past grievances, when that judgment would have no significant, practical effect or purpose with regard to any future conduct of the parties." *Id.* ¶ 1. The plaintiff in *Johnson* sought a declaratory judgment determining that the defendant, a prosecutor, violated his civil rights by initiating criminal proceedings maliciously and without cause. *Id.* The district court denied the declaratory relief and this Court affirmed, concluding that "past wrongs, even unconstitutional wrongs, do not create a foundation for declaratory relief without either continuing illegal actions or continuing consequences to [the p]laintiff." *Id.* ¶ 11.

**{12}** In this case, there is no ongoing constitutional violation. According to Petitioner, the alleged constitutional violation occurred when the Commission changed testing laboratories and, therefore, testing procedures, without notice. This alleged violation is a single, past occurrence, similar to the alleged violation in *Johnson*, where the plaintiff claimed that the defendant unlawfully initiated a criminal proceeding. *Id.* ¶ 1. "[D]eclaratory relief is simply not available to clarify or declare [single,] past conduct, without something more." *Id.* ¶ 16. In *Johnson*, this Court further held that even if the alleged constitutional violations caused the plaintiff to suffer uncompensated damages, "such declaratory relief would in no way redress those past injuries." *Id.* ¶ 12 (internal quotation marks and citation omitted). We further acknowledged that the argument that a defendant's denial of the allegation in a declaratory judgment claim "seem[s] to create a 'controversy' of some weight." *Id.* ¶ 9. This "initial controversy," however, is insufficient to warrant declaratory relief; thus, we must look beyond it to "decide whether there is a substantial controversy." *Id.* ¶ 12 (internal quotation marks and citation omitted).

Therefore, issuance of a declaratory judgment would only be appropriate in these circumstances if there are continuing legal consequences to the Petitioner. *See id.* ¶ 17 ("Our focus, therefore, is not solely whether the wrongful acts themselves are likely to be repeated, but also, whether [the d]efendant's past acts continue to have 'legal consequences,' suitable for declaratory resolution.").

{13}    The district court remedied any continuing consequence to Petitioner by reversing the Commission's decision and remanding for dismissal. Dismissal of the matter by the Commission automatically remedies the fine and Thunder Dome's suspension. Consequently, Thunder Dome is free to race, without blemish to his record. Therefore, there is no "substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *See id.* ¶ 12 (emphasis, omission, internal quotation marks, and citation omitted). Without adverse consequences, Petitioner is left seeking "moral vindication," which "alone is not the kind of constructive, 'useful purpose' for which the declaratory judgment was created." *See id.* ¶ 19. As the district court noted, remanding for dismissal is dispositive; a declaratory judgment would serve "merely as guidance" to the parties. *See id.* ¶ 12. In my opinion, lacking any consequence to Petitioner or to the horse, further use of judicial resources after remand would only cause delay and would be of no benefit.

{14}    For these reasons, I concur in the reversal of the Commission's decision and respectfully dissent from the majority's analysis.

{15}    **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**