2004-NMCA-025

85 P.3d 276

**Raphael MASO, Petitioner–Appellant,**

v.

**STATE OF NEW MEXICO TAXATION AND REVENUE DEPARTMENT, MOTOR VEHICLE DIVISION, Respondent–Appellee.**

No. 23,218.

Court of Appeals of New Mexico.

Jan. 12, 2004.

Certiorari Granted, No. 28,480, Feb. 16, 2004.

**154**

Anthony James Ayala, Albuquerque, NM, for Appellant.

Patricia A. Madrid, Attorney General, Julia Belles, Special Assistant Attorney General, Santa Fe, NM, for Appellee.

*OPINION*

FRY, Judge.

{1} Appellant Raphael Maso (Driver) raises due process concerns about the notice that he received of his right to request a hearing prior to the revocation of his driver's license under the Implied Consent Act (the Act). NMSA 1978, §§ 66-8-105 to -112 (1978, as amended through 2003). Driver concedes that he received notice and also that his subsequent request for a hearing was untimely. He asserts, however, that he did not understand the notice because it was in English and he understands only Spanish. He therefore contends that the notice did not comport with due process and that he should have been granted a hearing despite his untimely request.

{2} The procedural posture of this case presents an opportunity for us to clarify the correct approach for litigating due process claims that are beyond the scope of Motor Vehicles Division (MVD) license revocation hearings. We hold that such claims must be considered in the first instance by the district court pursuant to its original jurisdiction. In this case, in the interest of judicial economy, we construe the proceedings below as consistent with this framework.

{3} On the merits of Driver's constitutional argument, we agree with the district court that the notice received by Driver comported with procedural due process requirements for administrative revocation of a driver's license. We therefore affirm.

**BACKGROUND**

{4} In December 2001, Driver was stopped, cited, and arrested for driving under the influence of alcohol contrary to NMSA 1978, § 66-8-102 (1999). He submitted to a single breath test that showed an alcohol concentration of .17. He refused additional breath tests. Subsequent to the test, the arresting officer personally served Driver with an English-language notice of revocation of his driving privileges pursuant to the Act. The notice stated that a request for a hearing to contest the revocation "must be made in writing within ten (10) days from date of service of this notice." According to Driver, he and the arresting officer had conversed in Spanish prior to service of the notice, but the officer did not explain in Spanish the contents of the English-language notice.

{5} Approximately one month after his arrest, Driver requested a revocation hearing. In his letter to MVD, Driver acknowledged that his request was untimely but asked that he be provided a hearing anyway because his lateness was attributable to his inability to understand the contents of the notice. Driver contends that he is a Spanish speaker who understands no English. MVD denied Driver's request in a form letter on the basis that "[t]he request was not made within the time prescribed by law."

{6} Driver appealed to the district court under Rule 1-074 NMRA 2003, which governs appeals from administrative agencies to the district courts when there is a statutory right of review. He argued that the denial of an administrative hearing amounted to a denial of due process of law. The district court considered and rejected Driver's due process argument. Driver petitioned this Court for a writ of certiorari and we granted the petition.

**DISCUSSION**

{7} In this opinion we first set out the relevant statutory provisions in order to supply context. Then, because of the procedural posture of this case, we address implied questions regarding subject matter jurisdic-

tion and the reviewing role of the district court. Finally, we consider the merits of Driver's due process claims.

## Relevant Statutory Provisions

{8} Under the Act, when a driver refuses a breath test or submits to a breath test that shows an illegal blood alcohol concentration, the officer is required to immediately serve the driver with a written notice of revocation and notice of the driver's right to request a hearing. § 66–8–111.1. The notice states that the driver's license will be revoked within twenty days, but that the driver may request a hearing on the revocation "in writing within ten (10) days from date of service of this notice." Section 66–8–112(B) provides that "[f]ailure to request a ̇ hearing within ten days shall result in forfeiture of the [driver's] right to a hearing."

■■■ {9} Assuming a driver timely requests a hearing, the Act narrowly defines the scope of a driver's license revocation proceeding. § 66–8–112(E). The legislature specified that the sole issues to be considered are (1) whether there were reasonable grounds for law enforcement to stop the driver; (2) whether the driver was arrested; (3) whether the hearing is held within 90 days of the driver's receipt of notice of revocation; and (4) whether the driver refused a blood alcohol test and was advised of the consequences or, alternatively, whether the driver took a blood alcohol test that showed an alcohol concentration above the legal limit. *Id.* In the context of the State's compelling interest in removing all intoxicated drivers from the highways, these summary revocation proceedings represent a permissible exercise of the legislature's authority. *Bierner v. State Taxation & Revenue Dep't*, 113 N.M. 696, 699, 831 P.2d 995, 998 (Ct.App.1992). The expedited hearings comport with due process as well as notions of fairness for a civil, administrative proceeding. *Id.* In short, the hearings are clearly intended as "summary administrative proceeding[s] designed to handle license revocation matters quickly." *State v. Bishop*, 113 N.M. 732, 735, 832 P.2d 793, 796 (Ct.App.1992).

## Procedural Posture and Inherent Issues Regarding Subject Matter Jurisdiction

■■ {10} The limited nature of the revocation proceeding, in combination with the procedural posture of this case, give rise to issues of subject matter jurisdiction. *See Masterman v. State Taxation & Revenue Dep't*, 1998–NMCA–126, ¶ 9, 125 N.M. 705, 964 P.2d 869 ("[A]n appellate court may raise a jurisdictional issue sua sponte."). We address these issues before considering the merits of Driver's due process claims.

{11} Driver initiated this case as an appeal to district court from MVD pursuant to Rule 1–074 and Section 66–8–112(G). Ordinarily, under such circumstances, the district court, acting as an appellate court, would determine "whether reasonable grounds exist[ed] for revocation or denial of the person's license or privilege to drive based on the record of the administrative proceeding." *Id.* Here, however, there was no record of an administrative proceeding because Driver had not requested a hearing in a timely fashion. Consequently, there was, in theory, nothing for the district court to review.

■■ {12} However, even if Driver had timely requested a hearing, MVD could not have considered the issue he asked the district court, and now asks this Court, to determine—whether failure to serve him with a Spanish-language notice constituted a denial of due process. Because Section 66–8–112(E) specifies the issues that MVD can consider in a revocation proceeding, MVD cannot adjudicate constitutional questions. *See id.* (providing that hearing "shall be limited" to enumerated issues). MVD lacks subject matter jurisdiction to consider matters beyond the scope of the statute and could not resolve a due process issue even with a driver's consent. *See Martinez v. N.M. State Eng'r Office*, 2000–NMCA–074, ¶ 22, 129 N.M. 413, 9 P.3d 657 (stating that because the State Personnel Board is a statutorily created administrative body, it is limited to authority expressed or implied by statute); *see also Gonzales v. Surgidev Corp.*, 120 N.M. 133, 138, 899 P.2d 576, 581 (1995) (explaining that "subject matter jurisdiction cannot be waived"). Because the constitutional question raised by Driver cannot be

handled at the administrative level, we now turn to the role of the district court.

{13} Our legislature has designated the district court as the exclusive forum for appeals from MVD hearings. NMSA 1978, § 39–3–1.1 (1999); § 66–8–112(G). In its role as an appellate tribunal, however, the district court is limited by the scope of appellate review. *See N.M. State Bd. of Psychologist Exam'rs v. Land,* 2003–NMCA–034, ¶ 5, 133 N.M. 362, 62 P.3d 1244 ("When acting in its appellate capacity, the district court's scope and standard of review is limited in the same manner as any other appellate body."); *Martinez,* 2000–NMCA–074, ¶ 48, 129 N.M. 413, 9 P.3d 657 (stating that "in administrative appeals the district court is a reviewing court, not a fact-finder"). This limit appears to be jurisdictional insofar as an appeal from a court or agency that lacks subject matter jurisdiction "confers no jurisdiction on the appellate court." *Nesbit v. City of Albuquerque,* 91 N.M. 455, 459, 575 P.2d 1340, 1344 (1977). Consequently, where MVD lacked authority to consider a due process argument, the district court lacked appellate jurisdiction to resolve the matter even if Driver had erroneously been given the opportunity to raise it below.

{14} The district court's original jurisdiction, in contrast, has no such limits. *See* N.M. Const. art. VI, § 13 ("The district court shall have original jurisdiction in all matters and causes not excepted in this constitution, and such jurisdiction of special cases and proceedings as may be conferred by law."); *Ottino v. Ottino,* 2001–NMCA–012, ¶ 6, 130 N.M. 168, 21 P.3d 37 (recognizing presumption of jurisdiction in district courts). Without question, the district court has the authority to consider constitutional claims in the first instance. *See Marchman v. NCNB Tex. Nat'l Bank,* 120 N.M. 74, 84, 898 P.2d 709, 719 (1995) ("The district court . . . has jurisdiction over all matters not expressly consigned to other courts.").

{15} In this case, the district court's opinion purports to exercise appellate jurisdiction pursuant to Rule 1–074(Q), but it is clear from the substance of the six-page opinion that the district court fully considered the parties' arguments on the due process issue, unconstrained by the statutory limits on appellate review. Consistent with the district court's approach, we construe the opinion and order as properly issuing pursuant to the district court's original jurisdiction. *See State Highway & Transp. Dep't v. City of Sunland Park,* 2000–NMCA–044, ¶¶ 8–12, 129 N.M. 151, 3 P.3d 128 (holding that district court may simultaneously exercise its Rule 1–074 appellate jurisdiction and its original, equitable jurisdiction). Similarly, we construe Driver's appeal to the district court as in the nature of a petition for writ of mandamus to require MVD to conduct a hearing, and we construe the district court's opinion and order as a denial of that petition. We do this for two reasons. First, it makes no sense to view the district court's opinion and order as the result of an on-record appeal when there was no proceeding below and therefore no record from which to appeal and, moreover, where the issues addressed by the district court could not have been adjudicated in an MVD license revocation hearing even if one had occurred. Second, remanding for additional proceedings below would serve no purpose when the parties agree on the relevant facts, namely, that Driver received an English-language notice of revocation with no accompanying translation, and that his request for a hearing was untimely. In short, both logic and judicial economy suggest that we consider this an appeal from the denial of a petition for writ of mandamus.

{16} We recognize that, on the surface, this result may appear to be contrary to the rule that when the district court sits as an appellate tribunal, in the absence of a statutory exception, it is limited to consideration of the record below. *Zamora v. Vill. of Ruidoso Downs,* 120 N.M. 778, 783, 907 P.2d 182, 187 (1995). As explained above, however, this case does not fit under the ordinary appellate framework because Driver's due process claims could not be considered at an administrative proceeding. *See Moriarty Mun. Schs. v. N.M. Pub. Schs. Ins. Auth.,* 2001–NMCA–096, ¶ 35, 131 N.M. 180, 34 P.3d 124 (clarifying that appellate jurisdiction does not preempt original jurisdiction where there were no adjudicatory proceedings be-

low). To hold otherwise would effectively foreclose any due process challenges to the administrative process, which would impermissibly constrain the right of access to the courts. *See Jiron v. Mahlab,* 99 N.M. 425, 426, 659 P.2d 311, 312 (1983) (holding that right of access to courts is guaranteed by United States Constitution); *cf. Bd. of Educ. of Carlsbad Mun. Schs. v. Harrell,* 118 N.M. 470, 480, 882 P.2d 511, 521 (1994) (stating that an evidentiary hearing that comports with due process satisfies right of access to courts).

 {17} For future reference, we reiterate that the district court can simultaneously exercise its appellate and original jurisdiction. *See Sunland Park,* 2000–NMCA–044, ¶¶ 8–12, 129 N.M. 151, 3 P.3d 128; *see also Moriarty Mun. Schs.,* 2001–NMCA–096, ¶ 31 n. 2, 131 N.M. 180, 34 P.3d 124 (suggesting that "the district court is authorized to issue writs in the exercise of its original jurisdiction and its appellate jurisdiction"). Thus, if a driver appeals issues that are within the statutory limits of an MVD hearing, and the driver also states claims that are beyond the scope of such a hearing, the district court should consider each claim according to its appropriate standard of review and maintain the distinction between the court's appellate and original jurisdiction in rendering its decision. In the interest of judicial economy and to avoid a multiplicity of lawsuits, we encourage attorneys for drivers in these situations to file only an appeal, as opposed to an appeal and a petition for writ of mandamus. *See Sunland Park,* 2000–NMCA–044, ¶ 12, 129 N.M. 151, 3 P.3d 128 (indicating approval of the district court's exercising both its appellate and equitable jurisdiction where the issues involved "the same parties and same general subject matter"). However, counsel should indicate in the statement of appellate issues filed with the district court that the driver is requesting the court to exercise its original as well as appellate jurisdiction, and which issues are brought under each.[1]

## Due Process Requirements for Notice of Revocation of Driver's License

 {18} We turn now to the merits of Driver's due process claims. Driver argues that because he understands only Spanish, the English-language notice amounted to a violation of his right to procedural due process. The issue of whether his due process rights were violated presents a question of law that we review de novo. *See Hyden v. N.M. Human Servs. Dep't,* 2000–NMCA–002, ¶ 12, 128 N.M. 423, 993 P.2d 740 (holding that interpretation of state constitution is reviewed de novo). For the reasons that follow, we hold that the arresting officer's personal service of the English-language notice comported with due process.

 {19} Without question, procedural due process requirements apply to administrative revocation of a driver's license. *Bell v. Burson,* 402 U.S. 535, 542, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971). MVD must provide drivers with notice that is "appropriate to the nature of the case." *City of Albuquerque v. Juarez,* 93 N.M. 188, 190, 598 P.2d 650, 652 (Ct.App.1979) (internal quotation marks and citation omitted), *overruled on other grounds by State v. Herrera,* 111 N.M. 560, 565, 807 P.2d 744, 749 (Ct.App.1991). More particularly, due process mandates "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *see also Dusenbery v. United States,* 534 U.S. 161, 167, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002) (indicating that "reasonableness under the circumstances" is the measure of the adequacy of notice). In an administrative context, due process does not necessarily require actual notice. *Juarez,* 93 N.M. at 190, 598 P.2d at 652 (explaining that "actual no-

---

1. We recognize that this procedure in district court may cause confusion when an appellant wants to appeal from a decision the district court has made in the exercise of both its appellate and its original jurisdiction. Because the question is not before us in this case, we do not decide whether such an appeal would be made by filing a notice of appeal pursuant to Rule 12–202 NMRA 2003, or by filing a petition for writ of certiorari pursuant to Rule 12–505 NMRA 2003, or by filing both pleadings.

tice is not necessary for an administrative suspension"); *see also Dusenbery*, 534 U.S. at 171, 122 S.Ct. 694 (noting in context of notice to federal prisoner regarding pending forfeiture proceeding, that "our cases have never required actual notice"). Thus, the question in this case is not whether Driver understood the notice that he received, but whether personal service of an English-language notice is reasonably calculated to inform drivers of the ten-day time limit for contesting administrative revocation of a driver's license.

{20} Driver was arrested for allegedly driving while intoxicated, and the arresting officer personally served Driver a form clearly labeled "Notice of Revocation," with the seal of the State of New Mexico printed on top. This satisfies due process, regardless of whether Driver understood English, because under the circumstances a reasonable driver who did not understand the contents of the notice would inquire further. *See Bogan v. Sandoval County Planning & Zoning Comm'n*, 119 N.M. 334, 341, 890 P.2d 395, 402 (Ct.App.1994) (stating that "where circumstances are such that a reasonably prudent person should make inquiries, that person is charged with knowledge of the facts reasonable inquiry would have revealed"); *see also Nazarova v. Immigration & Naturalization Serv.*, 171 F.3d 478, 483 (7th Cir. 1999) (approving of English-language notice to a non-English speaker who faced deportation so long as the notice would trigger further inquiry by a reasonable recipient); *Soberal–Perez v. Heckler*, 717 F.2d 36, 43 (2nd Cir.1983) (holding that English-language notice to Spanish-speaking social security claimants complied with due process because it communicated to recipients the need for further inquiry). This conclusion, that the form received by Driver amounted to "inquiry notice" that satisfied due process, is consistent with the result reached by other jurisdictions that have considered similar factual situations. *See, e.g., Guerrero v. Carleson*, 9 Cal.3d 808, 109 Cal.Rptr. 201, 512 P.2d 833, 835–37 (1973) (finding no due process violation where the state sent to Spanish-speaking recipients an English-language notice informing them that their public benefits were going to be reduced or terminated); *People v.*

*Villa–Villa*, 983 P.2d 181, 182–83 (Colo.Ct. App.1999) (holding in the context of a criminal conviction for driving with a suspended license, that English-language letter of revocation put defendant on notice that he should have the letter translated); *Alonso v. Arabel, Inc.*, 622 So.2d 187, 188 (Fla.Dist.Ct.App. 1993) (holding that English-language notice satisfied due process even if state was aware that recipients were not fluent in English); *Hernandez v. Dep't of Labor*, 83 Ill.2d 512, 48 Ill.Dec. 232, 416 N.E.2d 263, 266–67 (1981) (finding that English-language notice of denial of unemployment benefits comported with due process even where non-English speaking recipient sought translation from a friend who completely mistranslated the notice); *Vasquez v. State*, 700 N.E.2d 1157, 1159 (Ind. Ct.App.1998) (rejecting the argument that the state must provide notice of driver's license suspensions in Spanish and English).

■ {21} We do not agree with all of the reasoning relied upon by these foreign authorities, such as the California Supreme Court's reliance on the supposition that "[t]he United States is an English speaking country." *Guerrero*, 109 Cal.Rptr. 201, 512 P.2d at 835; *see* NMSA 1978, § 14–11–11 (1923) (requiring publication of all local government proceedings to be in Spanish if the local population "is not less than seventy-five percent Spanish-speaking"). However, we agree with the conclusion that in an administrative context, it is possible for English-language notice to provide constitutionally adequate notice to a non-English speaker. Whether English-language notice suffices in a particular situation depends on the circumstances. *See Mullane*, 339 U.S. at 314–15, 70 S.Ct. 652 (stating that constitutional requirements are measured with regard to the "practicalities and peculiarities of the case"); *Garcia v. Meza*, 235 F.3d 287, 291 (7th Cir. 2000) (clarifying that notice aspect of procedural due process is subject to "fact-specific analysis" that takes into account all the circumstances of the case). Our holding today is simply that English-language notice regarding administrative revocation is compatible with due process when it is personally delivered to a driver during the course of his arrest for driving under the influence.

{22} We are not persuaded by Driver's contention that he was denied due process because he did not knowingly or voluntarily waive his right to a hearing. The law does not require a knowing or voluntary waiver of a right to an administrative hearing. Driver relies on case law regarding criminal defendants and their waiver of Miranda rights or their consent to a search. The cited authorities are inapplicable because they involve fundamental rights that are not at issue in the context of the notice required for license revocation.

{23} In summary, personal service of inquiry notice on Driver satisfied due process.

## CONCLUSION

{24} For the foregoing reasons, we affirm.

{25} **IT IS SO ORDERED.**

WE CONCUR: JAMES J. WECHSLER, Chief Judge, JONATHAN B. SUTIN, Judge.