This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ERIC L. SCHUSTER,**

    Petitioner-Appellant,

v.                                  **NO. 30,023**

**MOTOR VEHICLE DIVISION DEPARTMENT OF TAXATION AND REVENUE, STATE OF NEW MEXICO, KEITH PERRY, DIRECTOR,**

    Respondents-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Titus & Murphy, P.C.
Victor A. Titus
Farmington, NM

for Appellant

Gary K. King, Attorney General
Julia Belles, Special Assistant Attorney General
Santa Fe, NM

for Appellees

## MEMORANDUM OPINION

**FRY, Judge.**

The motor vehicle division (MVD) revoked the driver's license of Appellant Eric L. Schuster (Driver), and Driver appealed to the district court. The district court affirmed, and Driver filed a combined notice of appeal and petition for writ of certiorari. This Court denied Driver's petition for certiorari "as to those issues properly reviewed under the appellate jurisdiction of the district court" and, "[a]s to those issues arguably or clearly within the original jurisdiction of the district court and therefore before this Court on direct appeal," we assigned the case to the general calendar. Our recently filed opinion in *Glynn v. State of New Mexico Taxation & Revenue Department*, 2011-NMCA-___, ___ N.M. ___, ___ P.__ ___ (No. 29,453, Jan. 20, 2011), governs resolution of this appeal. We affirm.

Because the parties are familiar with the background of this case and because this is a memorandum opinion, we do not provide a detailed description of the events leading to this appeal.

**DISCUSSION**

Driver argues that the district court erred in: (1) refusing to hold a de novo hearing on the issue of the legality of the stop that resulted in revocation of Driver's license, (2) finding that the officer lawfully stopped Driver, and (3) affirming the revocation of Driver's license despite the MVD hearing officer's reliance on the HGN field sobriety test. We do not address the third issue because it would properly be

reviewed under the district court's appellate jurisdiction, and we denied Driver's petition for writ of certiorari as to such issues. *See* Rule 12-505 NMRA (requiring a party appealing from a district court's exercise of its appellate jurisdiction to file a petition for writ of certiorari).

With respect to the remaining two issues, our decision in *Glynn* is dispositive. In *Glynn*, the driver appealing the revocation of his driver's license made essentially the same arguments Driver makes in the present case. We concluded in *Glynn* that the Implied Consent Act, NMSA 1978, Sections 66-8-105 to -112 (1978, as amended through 2010), "does not require the MVD hearing officer to consider the validity of the traffic stop underlying the license revocation at issue." *Glynn*, 2011-NMCA-___, ¶ 19. We further concluded that the constitutionality of the traffic stop is irrelevant in license revocation proceedings because the exclusionary rule does not apply in such proceedings. *Id.* ¶¶ 26, 33. Consequently, "the constitutionality of the stop need not be decided by any tribunal for purposes of license revocation under the Act." *Id.* ¶ 33.

Because the exclusionary rule does not apply in MVD license revocation proceedings, the district court in the present case properly refused to hold a de novo hearing on the legality of the underlying stop. In addition, the finding that the officer lawfully stopped Driver is irrelevant.

**CONCLUSION**

3

For the foregoing reasons, we affirm the district court's order.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Judge**

**I CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**RODERICK T. KENNEDY, Judge (dissenting)**.

**KENNEDY, Judge (dissenting)**.

I respectfully dissent. In our decision in *Maso v. N.M. Taxation & Revenue Dep't*, 2004-NMCA-025, 135 N.M. 152, 85 P.3d 276, we preserved the ability of a driver to question both the administrative decision by way of certiorari and raise constitutional issues under the reviewing court's original jurisdiction. Relying on *Glynn*, an opinion that I believe was wrongly decided, the majority opinion in this case maintains that there are no constitutional matters that can be raised to question the constitutionality of the stop giving rise to the eventual implied consent revocation of Driver's license.

I agree that in order to prove the elements required to revoke a driver's license it must be first proven that the officer had reasonable grounds to believe that the driver was under the influence and second that the driver was arrested. NMSA 1978, § 66-8-10112(E). This does not obviate the legality of the stop itself in my view. *State v. Rubio*, 2006-NMCA-067, ¶ 11, 139 N.M. 612, 136 P.3d 1022, holds that traffic stops are not consensual encounters, but seizures of the vehicle and its occupants and are therefore analyzed to determine "whether the officer made a valid investigatory stop; and . . . whether the officer's actions during the investigatory detention were reasonably related in scope to the circumstances that initially justified the stop." Reasonable grounds to believe the driver is intoxicated is also required prior to the

officer directing a chemical test at all. This invokes two different standards: reasonable grounds for a stop and for directing the test, and the probable cause then required for an arrest. Without proof by the State, who seeks the revocation, that either the stop or arrest of the driver was constitutionally permissible, I would hold that the requisite elements for revocation are not proven. In a state such as ours that provides increased constitutional protections to drivers against unreasonable seizures, I believe the better course of action is to require constitutionally valid stops and arrests as predicate facts to license revocation. *See Tornabene v. Bonine ex rel. Highway Dep't*, 54 P.3d 355, 362 (Ariz. Ct. App. 2002) (holding that the predicate stop giving rise to a DWI investigation must be lawful); *People v. Krueger*, 567 N.E.2d 717, 723 (Ill. App. Ct. 1991) ("[W]e are unwilling to conclude that the legislature intended to authorize the suspension of drivers' licenses based on the fruits of illegal arrests."); *Olson v. Comm'r of Pub. Safety*, 371 N.W.2d 552, 556 (Minn. Ct. App. 1985) (holding that investigatory DUI stops that result in license revocation proceedings must comply with Fourth Amendment standards); *see also State v. Lussier*, 757 A.2d 1017, 1023 (Vt. 2000) (relying on Vermont's Constitution; state constitution construed more liberally than Fourth Amendment); *Pooler v. Oregon Motor Vehicles Div.*, 306 Or. 47, 51, 755 P.2d 701, 703 (Or. 1988) (en banc) (The court refused to "attribute to the legislature the intent to sanction unconstitutional procedures." The

6

court further stated that suspension of a driver's license under the implied consent statute must be based on a valid arrest, otherwise the resulting evidence must be excluded); *Watford v. Bur. of Motor Vehicles*, 674 N.E.2d 776, 778 (Ohio Ct. App. 1996) ("[A] lawful arrest, including a constitutional stop," is required before a refusal to take a chemical test triggers license suspension.).

_____

**RODERICK T. KENNEDY, Judge**