This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JOSHUA GRIEGO,**

Plaintiff-Appellant,

v.                                                    **NO. 35,870**

**STATE OF NEW MEXICO,**
**TAXATION AND REVENUE**
**DEPARTMENT, MOTOR**
**VEHICLE DIVISION,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Briana H. Zamora, District Judge**

Patrick J. Martinez
Albuquerque, NM

for Appellant

Hector H. Balderas, Attorney General
Taxation and Revenue Department, Legal Services Bureau
Melinda L. Wolinsky, Special Assistant Attorney General
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

**{1}** Plaintiff-Appellant Joshua Griego (Driver) appeals from the district court's on-record decision upholding the administrative hearing officer's revocation of his driver's license. We previously issued a notice of proposed summary disposition in which we proposed to dismiss. Driver has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded, we dismiss.

**{2}** Our notice proposed to dismiss on the basis that Driver filed a notice of appeal and docketing statement with this Court, as opposed to a petition for writ of certiorari, since Driver was seeking review of Motor Vehicle Division's (MVD) license revocation decision. [CN 2–4] *See Dixon v. N.M. Taxation & Revenue Dep't*, 2004-NMCA-044, ¶¶ 9-10, 135 N.M. 431, 89 P.3d 680 (explaining that a party seeking review in this Court of a district court's determination on appeal from an MVD decision revoking a license should file a petition for writ of certiorari). Our notice explained that we were unable to construe either Driver's notice of appeal or docketing statement as a timely non-conforming petition for writ of certiorari because the notice of appeal did not contain sufficient information and the docketing statement was filed sixty days after the entry of the district court's order. [CN 3–4]

**{3}** We further observed that the district court was acting in its appellate jurisdiction in its affirmance of the administrative hearing office, [RP 87–98] *see Maso v. N.M.*

*Taxation & Revenue Dep't*, 2004-NMCA-025, ¶ 13, 135 N.M. 152, 85 P.3d 276 (explaining that the district court is the "exclusive forum for appeals from MVD hearings[,]" but "[i]n its role as an appellate tribunal, . . . the district court is limited by the scope of appellate review"). A party seeking review from a judgment reflecting an exercise of the district court's discretion is required to file a petition for writ of certiorari in this Court. *See Glynn v. N.M. Taxation & Revenue Dep't*, 2011-NMCA-031, ¶ 8, 149 N.M. 518, 252 P.3d 742, *overruled on other grounds by Schuster v. N.M. Taxation & Revenue Dep't*, 2012-NMSC-025, ¶¶ 1, 19, 283 P.3d 288. [CN 2–3]

{4}     Our notice went on to observe that our case law has made clear that a non-confirming document will be accepted as a petition for writ of certiorari if the document provides sufficient information to address the petition on its merits. *See Wakeland v. N.M. Dep't of Workforce Solutions*, 2012-NMCA-021, ¶ 16, 274 P.3d 766. However, absent unusual circumstances, the non-conforming petition must be timely filed. *Id.* ¶ 20. In response, Driver does not assert that there were any unusual circumstances in this case. Instead, Driver argues that because his docketing statement was filed within thirty days of the filing of the notice of appeal, within the time set forth under Rule 12-208 NMRA, this Court should consider his docketing statement to be a timely filed petition for writ of certiorari. [MIO 3] Otherwise, Driver argues

that "the [n]otice of [a]ppeal would have to be filed along with the docketing statement, or within a close time frame, to be considered a timely non-conforming petition to this Court[, which] would defeat the purpose of a non-conforming document[.]" [MIO 3]

{5}      Our case law has acknowledged that "a party who erroneously files a notice of appeal and docketing statement instead of a petition for writ of certiorari is likely to miss the thirty-day requirement of Rule 12-505(C)[NMRA] even though the notice of appeal and docketing statement would have been timely if the appeal were as of right." *Wakeland*, 2012-NMCA-021, ¶ 18. "In those unusual cases where a party happens to file both the notice of appeal and the docketing statement early so that the docketing statement is filed in this Court within thirty days of the district court's order and therefore meets the time requirement of Rule 12-505(C), this Court will construe the docketing statement as a petition for writ of certiorari without requiring any showing of unusual circumstances, since the non-conforming document is timely and substantially complies with the content requirements of Rule 12-505 under a liberal interpretation." *Wakeland*, 2012-NMCA-021, ¶ 19. However, because the timely filed petition for writ of certiorari is a mandatory precondition to this Court's exercise of jurisdiction, we cannot accept a docketing statement that was filed in this Court after thirty days of the district court's order. *See id.* ¶ 20. We see no reason, and Driver has

4

not articulated any reason, for us to depart from our established case law requiring a non-conforming petition to meet the timeliness requirement of Rule 12-505(C).

**{6}** To the extent Driver continues to argue that his notice of appeal, filed within thirty days of the district court's order, should be accepted as a timely non-conforming petition, [MIO 2] we remain unpersuaded. *See Wakeland*, 2012-NMCA-021, ¶ 14 (discussing our case law holding that "because a notice of appeal contains no information about the issues raised on appeal, it cannot substitute for a petition for writ of certiorari since it does not substantially comply with the content requirements for a petition").

**{7}** Finally, Driver argues that we should extend the *Duran* presumption to accept his late filed docketing statement and consider the merits of the appeal. *See State v. Duran*, 1986-NMCA-125, ¶¶ 3, 6, 105 N.M. 231, 731 P.2d 374 (holding that there is a conclusive presumption of ineffective assistance of counsel where notice of appeal is not filed within the time limit required). We decline to do so. The *Duran* presumption is limited to primarily criminal cases, and does not extend to civil cases such as this.

**{8}** In sum, Driver has not demonstrated that the basis for dismissal proposed in our notice was in error. Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we dismiss.

{9}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**


_____
**LINDA M. VANZI, Chief Judge**


_____
**JAMES J. WECHSLER, Judge**