This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39048**

**LEWIS SMITH,**

Appellant-Respondent,

v.

**NEW MEXICO TAXATION &
REVENUE DEPARTMENT,
MOTOR VEHICLE DIVISION,**

Appellee-Petitioner.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY
James W. Counts, District Judge**

Gary C. Mitchell, P.C.
Gary C. Mitchell
Ruidoso, NM

for Respondent

Hector H. Balderas, Attorney General
Richard Pener, Special Assistant Attorney General
Santa Fe, NM

for Petitioner

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** In this appeal, we are asked to determine whether an administrative hearing officer (AHO) abused her discretion in applying 22.600.6.16 NMAC to rule that a driver has forfeited his right to a hearing under the Implied Consent Act, NMSA 1978, §§ 66-8-105 to -112 (1978, as amended through 2019) (the Act) by failing to appear, or have his attorney appear at a scheduled and properly noticed hearing on the revocation of the driver's license. Following an order by the district court rescinding the revocation of

Lewis Smith's driver's license, the Motor Vehicle Division (MVD) appeals, asserting that the district court wrongly applied 22.600.6.16 NMAC, improperly substituted its judgment for that of the AHO, and thereby erred in rescinding the license revocation. MVD contends that there is no conflict between 22.600.6.16 NMAC and the terms of the Act, and that 22.600.6.16 NMAC is consistent with administrative due process requirements. We agree that the district court abused its discretion in rescinding the revocation of Smith's license, and therefore, we reverse.

**BACKGROUND**

**{2}** Following his refusal to submit to a chemical test to determine his blood or breath alcohol content, Smith was issued a driving while intoxicated (DWI) citation and a notice of revocation on March 10, 2018. The notice of revocation informed Smith that pursuant to the Act, his license would be revoked in twenty days and that he may contest the revocation of his license by providing a written request for a hearing within ten days. Smith timely requested a hearing, which was initially scheduled as an in-person hearing at MVD's Alamogordo field office for April 26, 2018, at 1:00 p.m. A letter informing him of the date, time, and location of the hearing was sent to Smith and dated April 3, 2018. A letter containing the same date, time, and location was sent to Smith's attorney on April 16, 2018, which was received and signed for by the attorney's office on April 19, 2018. That same day, Smith's attorney filed a motion and proposed order to appear at Smith's hearing telephonically. The AHO granted the motion and provided Smith's attorney notice of the hearing by email as well as fax. The notice stated that the hearing would be conducted telephonically on April 26, 2018, at 1:00 p.m. A subpoena to appear telephonically was also faxed to the law enforcement officer who issued Smith the DWI citation and notice of revocation.

**{3}** On April 26, 2018, at 1:00 p.m. the AHO called into the conference call system. Neither Smith and his attorney, nor the law enforcement officer appeared.[1] Following a ten-minute grace period, the AHO entered a brief record and sustained the revocation of Smith's license. On May 8, 2018, Smith's attorney faxed a letter to the AHO alleging "confusion" as to the time of the hearing and explaining that "due to his obligation in federal court, [he] could not have made the 1:00 [p.m.] hearing." Smith's attorney additionally requested that the matter be reset for a telephonic conference hearing. In an order denying the motion to reconsider revocation, the AHO explained that the administrative hearing schedule "is fully booked and there is not adequate time to provide notice to the parties, subpoena the witnesses and conduct the rescheduled hearing within [ninety] days of the notice of the revocation" as required by 22.600.6.11 NMAC.

---

[1] Although Smith and the district court express their concerns that the subpoenaed arresting officer did not appear, we are not persuaded that such fact violated Smith's right to a hearing on the revocation of his license, pursuant to 22.600.6.16 NMAC. We note that had Smith or his attorney appeared, and only the law enforcement officer had not, the circumstance and this appeal would have been altogether different.

**{4}** Smith appealed the revocation of his driver's license to the district court. The district court determined that because the officer did not appear, MVD failed to sustain its burden of proof to sustain the revocation and that the AHO should have considered the circumstances of Smith's failure to appear at the hearing and ordered the revocation of his license to be rescinded. The MVD petitioned for certiorari to this Court, which we granted.

## DISCUSSION

**{5}** MVD argues that the district court erred in determining that after a driver requests a hearing pursuant to 22.600.6.16 NMAC, a hearing officer must conduct an evidentiary hearing to sustain the revocation and in determining that the failure of the driver to appear at a scheduled hearing does not forfeit or waive the driver's right to a hearing. MVD also contends that the district court impermissibly substituted its opinion for that of the AHO by rejecting the AHO's finding that there was not sufficient time to reschedule and conduct an implied consent hearing given the AHO's "schedule [was] fully booked" between the May 8 letter from the attorney and the June 8 expiration of the AHO's authority to consider the revocation. Smith answers that once a driver provides a written request for a hearing on the revocation, "evidence by a preponderance from witnesses must be submitted to sustain the revocation of the license."

### Standard of Review

**{6}** We review the district court's order for an abuse of discretion. *Dixon v. N.M. Tax'n & Revenue Dep't*, 2004-NMCA-044, ¶ 11, 135 N.M. 431, 89 P.3d 680. "We conduct the same review of an administrative order as the district court sitting in its appellate capacity, while at the same time determining whether the district court erred in the first appeal." *Gallup Westside Dev., LLC v. City of Gallup*, 2004-NMCA-010, ¶ 10, 135 N.M. 30, 84 P.3d 78 (internal quotation marks and citation omitted). "[E]ven when we review for an abuse of discretion, our review of the application of the law to the facts is conducted de novo. Accordingly, we may characterize as an abuse of discretion a discretionary decision that is premised on a misapprehension of the law." *Harrison v. Bd. of Regents of Univ. of N.M.*, 2013-NMCA-105, ¶ 14, 311 P.3d 1236 (internal quotation marks and citations omitted).

## I. The District Court Abused Its Discretion in Rescinding the Revocation of Smith's Driver's License

**{7}** In rescinding the revocation of Smith's driver's license, the district court explained that "it was an abuse of discretion for the [AHO] to sustain the revocation without receiving evidence sufficient for her to find, by a preponderance of the evidence, the elements set forth in paragraphs (1) through (4) of Subsection F of . . . Section 66-8-112." We disagree.

**{8}** As the district court correctly concluded, "[t]he determination made by the [AHO] to sustain the revocation was not based upon the merits of the case, but rather upon the

fact that [Smith] forfeited his right to a hearing." The record clearly demonstrates that Smith and his attorney received notice of the date, time, and place of the hearing. Smith, and his attorney, simply failed to appear at the "scheduled time and place . . . of the hearing." 22.600.6.16 NMAC. Because 22.600.6.16 NMAC authorizes the AHO to sustain the revocation of Smith's driver's license once he and/or his attorney failed to appear and consequently forfeited Smith's right to a hearing, her decision to sustain the revocation of his license does not constitute an abuse of discretion.

{9}     Regulation 22.600.6.13 of the New Mexico Administrative Code also delegates to a hearing officer "the duty to conduct fair and impartial hearings" and "to take all necessary action to avoid delay in the proceedings," including the duty to schedule, continue, and reschedule hearings. Despite the AHO's express authority to control her schedule, the district court failed to consider that neither Smith nor his attorney successfully moved for a continuance. Pursuant to 22.600.6.11 NMAC, an AHO may "for good cause continue the hearing." Requests for continuances must be (1) "in writing," (2) "made at least three working days prior to the scheduled hearing," and (3) for "good cause" shown. 22.600.6.11 NMAC. Additionally, an AHO may grant a continuance that is not made in writing at least three working days prior to the scheduled hearing if the moving party demonstrates "extraordinary circumstances that the requesting party could not have known earlier." 22.600.6.11 NMAC.

{10}    Here, neither Smith nor his attorney moved for a continuance prior to the hearing. Smith's attorney did not request a continuance in writing at least three days prior to the hearing despite the fact that his own letter to the AHO concedes that "due to his obligation in federal court, [he] could not have made the 1:00 [p.m] hearing in any event." Following Smith's attorney's request to appear telephonically, he received both an email and a paper notice stating that the hearing was to be held telephonically on April 26, 2018, at 1:00 p.m. Smith's attorney received both copies of the notice days before the time lapsed in which he could have requested a continuance. Although Smith's attorney asked the AHO to reschedule the hearing, our review of the record does not demonstrate that the AHO erred in denying this request based on the lack of an opening in her schedule within the short deadline set by the Legislature. We see no "extraordinary circumstances that the requesting party could not have known earlier," 22.600.6.11 NMAC, and neither Smith nor his attorney assert that such circumstance existed. Because the district court failed to consider that Smith forfeited his right to a hearing under the Act, did not request a continuance as contemplated by 22.600.6.11 NMAC, and likewise failed to consider the duty of the AHO to "to take all necessary action to avoid delay," 22.600.1.20(B) NMAC, we conclude that the district court abused its discretion in rescinding the revocation of Smith's license. *See Harrison*, 2013-NMCA-105, ¶ 14.

{11}    Having determined that the district court abused its discretion in these regards, we only briefly address the MVD's argument that the district court abused its discretion in substituting its judgment for that of the AHO. Smith, through his attorney's letter to the AHO, argued that "since the [ninety] days has not concluded," the hearing before the AHO should be "reset for a telephone conference hearing." The district court agreed

explaining that, "[t]he time period for holding an MVD hearing had not run when [Smith's] attorney filed the [m]otions for [r]econsideration." Although the ninety-day period beginning on March 10, 2018, the date of Smith's DWI citation, had not yet lapsed, we do not agree with the district court that the remaining time requires the AHO to reset the hearing and to disregard the clear mandate of the Act regarding the forfeiture of Smith's right to a hearing upon his or his attorney's failure to attend the hearing. Rather, as we have explained, the AHO may "for good cause continue the hearing," but may not grant a continuance "unless there is adequate time to provide notice to the parties, subpoena witnesses and conduct the rescheduled hearing within ninety days of the notice of revocation." 22.600.6.11 NMAC. We conclude that because the district court's order is premised on a misapprehension of that which is required by the AHO to sustain the revocation of Smith's license, pursuant to Section 66-8-112(F) and 22.600.6.11 NMAC, the district court abused its discretion. *See Harrison*, 2013-NMCA-105, ¶ 14.

## II.     Section 66-8-112 and 22.600.6.16 NMAC Are Not In Conflict and Are Consistent With Administrative Due Process Requirements

**{12}**     Smith contends that Section 66-8-112 directly conflicts with 22.600.6.16 NMAC, such that the 22.600.6.16 NMAC must cede. We disagree that the statute and regulation are in conflict. Rather, in our view, Section 66-8-112 governs the process in which a driver charged with a DWI can request a hearing on his or her license revocation and relatedly can forfeit the right to request a hearing if he or she fails to make such a request, while 22.600.6.1 to -21 NMAC governs the specific procedures of such hearings and explains that a driver who requested a hearing and fails to attend that hearing has forfeited or waived their right to it. For instance, Section 66-8-112(B), broadly explains the process, that "a person whose license or privilege to drive is revoked or denied . . . may request a hearing," which "shall be made in writing and shall be accompanied by a payment of twenty-five dollars." Regulation 22.600.6.14 of the New Mexico Administrative Code, on the other hand, explains the specific procedures of such hearings, including that "[t]he parties to the hearing shall be MVD and the driver," and 22.600.6.16 NMAC provides that a hearing shall be forfeited where a driver "fails to appear at the scheduled time and place." Moreover, we emphasize that Section 66-8-112(C) expressly grants an administrative hearing officer the authority to "postpone or continue any hearing on its own motion or upon application from the person." In considering the Legislature's intent in implementing Section 66-8-112, which we have explained to be a "compelling interest in removing all intoxicated drivers from the highways," *Maso v. N.M. Tax'n & Revenue Dep't*, 2004-NMCA-025, ¶ 9, 135 N.M. 152, 85 P.3d 276, it is clear that the Legislature intended to employ the assistance of MVD's agency authority and in doing so, granted hearing officers considering license revocations broad authority to determine when a driver has forfeited their right to a hearing upon failure to appear.

**{13}**     Moreover, to the extent that Smith contends that 22.600.6.16 NMAC violates due process and is therefore unconstitutional, we disagree. Before the State can suspend or revoke a person's driver's license, due process requires "notice and an opportunity for a

hearing." *Maso v. N.M. Tax'n & Revenue Dep't*, 2004-NMSC-028, ¶ 10, 136 N.M. 161, 963 P.3d 286. In such proceedings, "[a]ctual notice is not required, so long as the notice given is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (internal quotation marks and citation omitted). After careful review of the record, we conclude that the Department provided notice to both Smith and his attorney consistent with that required of it by both 22.600.6.10 NMAC, as well as our administrative due process requirements. *See State ex rel. Battershell v. City of Albuquerque*, 1989-NMCA-045, ¶ 17, 108 N.M. 658, 777 P.2d 386 ("In administrative proceedings due process is flexible in nature and may adhere to such requisite procedural protections as the particular situation demands."); *see also Maso*, 2004-NMCA-025, ¶ 9 (explaining that expedited license revocation hearings "comport with due process as well as notions of fairness for a civil, administrative proceeding").

**{14}**   We further note that Smith's due process argument cites federal and state criminal jurisprudence, but fails to explain or sufficiently analogize such precedent to the civil administrative proceeding at hand. Smith also does not address the extensive body of law addressing due process rights in the context of waiver or default. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("To rule on an inadequately briefed issue, this Court would have to develop the arguments itself, effectively performing the parties' work for them."). For these reasons, we decline to address this argument further.

**CONCLUSION**

**{15}**   We, therefore, reverse and remand for proceedings consistent with this opinion.

**{16}   IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**KATHERINE A. WRAY, Judge**