This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40956**

**STEPHEN DURKOVICH, ANDREW EISEMAN, STEVEN FLANCE, JOE SCHEPPS, NANCY ZECKENDORF, THE UPPER CAMINO DE CRUZ BLANCA ROAD ASSOCIATION, and LOS MIRADORES UNIT OWNERS ASSOCIATION,**

Appellants-Respondents,

v.

**CITY OF SANTA FE and CITY OF SANTA FE GOVERNING BODY,**

Appellees-Petitioners.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew, District Court Judge**

Stephen Durkovich
Santa Fe, NM

for Respondents

Erin K. McSherry, City Attorney
Frank Ruybalid, Assistant City Attorney
Santa Fe, NM

for Petitioners

### MEMORANDUM OPINION

**WRAY, Judge.**

**{1}**     The Historic Districts Review Board (HDRB) voted to approve an application to build a telecommunications tower, and a group to whom the parties refer as "the Neighborhood" appealed that decision (the HDRB appeal) to the City of Santa Fe and the City of Santa Fe Governing Body (collectively, the City). The City declined to consider the Neighborhood's appeal because in relevant part, the City believed that the HDRB appeal was untimely. The Neighborhood appealed the City's decision to the district court, and the district court reversed the City's denial of the HDRB appeal. We conclude that because the district court exercised its appellate jurisdiction over the Neighborhood's appeal and not its original jurisdiction, the City was required to seek discretionary review in this Court by filing a writ of certiorari within a certain time frame. *See Shook v. Governing Body of City of Santa Fe*, 2023-NMCA-086, ¶¶ 9-10, 538 P.3d 466. The City's notice of appeal cannot be viewed as a timely nonconforming petition for certiorari. *See id.* ¶ 7 (describing a sufficient substitute for a timely petition for certiorari). As a result, we deny the nonconforming petition and remand to the City to hear the Neighborhood's appeal.

## BACKGROUND

**{2}**     The HDRB approved the application for the telecommunications tower at an August 10, 2021 hearing. On August 11, 2021, the Neighborhood sent a public records request for findings of fact and conclusions of law. On August 24, 2021, the HDRB voted to approve the findings of fact and conclusions of law resulting from the August 10, 2021 hearing, and the next day, the City sent the Neighborhood a document in response to the public records request. The Neighborhood submitted the HDRB appeal on September 24, 2021. The final findings of fact and conclusions of law were signed by one of the City's attorneys and the HDRB chair on September 8, 2021, and the City clerk on October 26, 2021. The land use director reviewed the HDRB appeal and determined it was untimely. A City attorney then reviewed the matter, came to the same conclusion, provided a written and oral recommendation to the City, and the City accepted that recommendation and denied the appeal.

**{3}**     The Neighborhood appealed to the district court and argued in relevant part that the City should have heard the HDRB appeal. The district court observed that one of the City ordinance provisions at the heart of this dispute, Santa Fe, N.M. Code of Ordinances ch. 14, § 14-3.17(I) (2023) (the Ordinance), requires that interpretation of the appeals provision "be made in favor of a party's opportunity to be heard at a meaningful time and in a meaningful manner," and that "[p]rocedures shall adhere to procedural due process." The court then concluded that due process demands "surety as to when a final action has occurred" and that the Neighborhood's appeal was therefore timely based on the formal filing of the final, written, and adopted decision of the City containing findings of fact and conclusions of law. On November 23, 2022, twenty-eight days after the district court entered the order reversing the City's decision, the City filed a motion to reconsider, which the district court denied in an order filed on January 3, 2023.

**{4}** The City filed a notice of appeal in this Court on February 2, 2023. This Court initially viewed the City's appeal as a petition for certiorari that sought discretionary review of the district court's exercise of appellate jurisdiction under Rule 1-074(V) NMRA and Rule 12-505(C) NMRA. In that light, we denied the petition as untimely. The City moved for rehearing and argued that the district court had acted in its original and not appellate jurisdiction, when it reversed the City's determination and that the notice of appeal was timely filed under Rule 12-201(A) NMRA. We granted the motion for rehearing and directed the parties to brief the jurisdictional matters raised.

## DISCUSSION

**{5}** Whether a district court acted in its appellate capacity or within its original jurisdiction depends on "whether the scope of the administrative agency's statutory authority encompasses the issue raised by the appellant on appeal to the district court." *Shook*, 2023-NMCA-086, ¶ 14. In the present case, the issue on appeal before the district court was whether the City properly declined to hear the Neighborhood's HDRB appeal based on the City's conclusion that the HDRB appeal was untimely. To determine whether the HDRB appeal was untimely, the City and the district court considered the requirements of the Ordinance, which sets out the timing and procedures for appealing a decision like the HDRB appeal. *See* Santa Fe, N.M. Code of Ordinances ch. 14, § 14-3.17(A), (C), (D). The Ordinance states as follows:

> The land use director shall promptly review all appeals for conformity with the requirements of Section 14-3.17. Upon determining that an appeal does not conform to the requirements, the land use director shall refer the matter to the city attorney for review.
>
> (a) If the city attorney concurs with the land use director's determination, the city attorney's written recommendation shall be forwarded to the governing body for discussion. The governing body may accept the city attorney's written recommendation and the decision is final and may be appealed to district court. If the governing body does not accept the city attorney's recommendation, the appeal shall be heard as set forth in Chapter 14.
>
> (b) If the city attorney does not concur with the land use director's determination, the appeal shall be heard as set forth [in] Chapter 14.

Santa Fe, N.M. Code of Ordinances ch. 14, § 14-3.17(D)(6). The provision additionally states that "[i]nterpretation of this section shall be made in favor of a party's opportunity to be heard at a meaningful time and in a meaningful manner. Procedures shall adhere to procedural due process." Santa Fe, N.M. Code of Ordinances ch. 14, § 14-3.17(I).

**{6}** The Ordinance instructs the City to interpret Section 14-3.17 to determine whether an appeal conforms to the provisions *and* that its interpretation of Section 14-

3.17 must afford due process, which indicates that the City is authorized to consider—and, indeed, is required to consider—due process principles when determining whether the appeal conforms to regulatory guidelines. Thus, the City had the authority to consider—and was required to consider—due process principles when determining whether the HDRB appeal was timely, and it was the exercise of that authority that the district court reviewed in an appellate capacity. *See Shook*, 2023-NMCA-086, ¶ 14. The City's authority in this case is distinguishable from the statutory authority considered in *Maso v. New Mexico Taxation & Revenue Department*, 2004-NMCA-025, 135 N.M. 152, 85 P.3d 276, which at first blush appears quite similar.

**{7}** In *Maso*, the question was whether a hearing officer violated due process when refusing to grant a driver's untimely request for a hearing. *Id.* ¶¶ 5-6. The driver alleged that the request was untimely because the notice outlining the request for hearing instructions was only in English, which the Spanish-speaking driver did not understand. *Id.* ¶¶ 4-6. As we explained in *Shook*, "[w]hen the driver appealed to the district court, the *Maso* hearing officer had not first considered whether the denial of the hearing had violated due process—that was a decision the district court was to address for the first time, not as a review of the hearing officer's decision but as a review of the hearing officer's actions." *Shook*, 2023-NMCA-086, ¶ 17. Importantly, the hearing officer's statutory authority was narrowly defined by the scope of the licensing proceeding, and the hearing officer "lack[ed] subject matter jurisdiction to consider matters beyond the scope of the statute and could not resolve a due process issue even with a driver's consent." *Maso*, 2004-NMCA-025, ¶¶ 9, 12. Thus, as a matter of practicality, agency authority, and judicial economy, this Court concluded that "such claims must be considered in the first instance by the district court pursuant to its original jurisdiction." *Id.* ¶¶ 2, 15.

**{8}** In contrast, the district court in the present case was asked to review the decision the City made, under the Ordinance, to deny the Neighborhood's appeal, and the Ordinance instructed the City to interpret its appeal provisions "in favor of" due process when making its decision. The City held a meeting to decide whether to hear the Neighborhood's appeal and heard recommendations by the City's attorneys. The appeal to the district court was not about whether the City, during that meeting, afforded the Neighborhood due process (although the Neighborhood did make factual assertions in this regard). That circumstance would resemble the appeal in *Shook*, in which the authority granted to the administrative agency "merely demand[ed] compliance with the constitution" and not "a constitutional determination by the administrative agency." 2023-NMCA-086, ¶ 18. Instead, the appeal to the district court in the present case was about whether the City's decision resulting from the meeting—the decision to deny the appeal—denied the Neighborhood the due process the City was required to consider and provide according to the Ordinance. *See* Santa Fe, N.M. Code of Ordinances ch. 14, § 14-3.17(I).

**{9}** The City contends that the district court's decision was based "on constitutional due process grounds" and was therefore an exercise of its original jurisdiction that was not limited by the standards of review outlined in Rule 1-074 NMRA. Rule 1-074(R)

guides the district court's appellate decision-making and outlines the following standards of review:

> (1)  whether the agency acted fraudulently, arbitrarily, or capriciously;
>
> (2)  whether based upon the whole record on appeal, the decision of the agency is not supported by substantial evidence;
>
> (3)  whether the action of the agency was outside the scope of authority of the agency; or
>
> (4)  whether the action of the agency was otherwise not in accordance with law.

Due process considerations are not excluded from this list. Indeed, under the appropriate circumstances, due process issues could arise under more than one of these standards. This is particularly so given the explicit directive in the Ordinance to construe the appeal provisions in favor of due process. *See* Santa Fe, N.M. Code of Ordinances ch. 14, § 14-3.17(I); *Barraza v. N.M. Tax'n & Revenue Dep't*, 2017-NMCA-043, ¶¶ 15-18, 395 P.3d 527 (requiring that when an administrative agency answers constitutional questions in accordance with its statutory directive, on appeal, the district court must "hear and decide the [constitutional] question in its appellate capacity" under Rule 1-074).

**{10}**  In *Shook*, the city took the opposite position. In *Shook*, the city argued "that 'due process claims are routinely reviewed by the district courts pursuant to Rule 1-074, Rule 12-505, and the administrative standard of review.'" *Shook*, 2023-NMCA-086, ¶ 19 (quoting the city's argument in that case). This Court did not consider that argument persuasive in the context in which it was made. *Id.* ¶ 15. The city argued that the district court exercised appellate jurisdiction in *Shook* because NMSA 1978, Section 3-21-6(B) (1981) gave the administrative agency "the authority to determine what process was due and discretion to determine the manner in which the public hearing was conducted." *Shook*, 2023-NMCA-086, ¶ 15. We determined that Section 3-21-6(B) "simply require[d] the [administrative agency] to hold a public hearing, provide interested parties an opportunity to be heard, and give interested parties particular notice" and concluded that a statute that directs an agency "to provide due process" does not inherently include "the authority for the administrative agency to evaluate the constitutionality of the process that the administrative agency is itself providing or has provided." *Shook*, 2023-NMCA-086, ¶¶ 15, 16. To determine whether the district court acted in its appellate or original jurisdiction, more is required than simply categorizing a case as involving "due process" and assigning a jurisdictional label, as the City has attempted to do both in the present case and in *Shook*. The jurisdictional question must instead be answered by looking to the agency's scope of authority and the procedural posture of the particular case. *See id.*

**{11}** Interpreting the Ordinance "in favor of a party's opportunity to be heard at a meaningful time and in a meaningful manner," in accordance with due process, was within the scope of the City's authority. *See* Santa Fe, N.M. Code of Ordinances ch. 14, § 14-3.17(I). The district court therefore reviewed the City's interpretation of the Ordinance as applied to the HDRB appeal in its appellate capacity.

**{12}** As a result, the City was required to petition this Court for certiorari review within thirty days of the district court's decision. *See* Rule 12-505(C). The City's notice of appeal was filed within thirty days of the order denying the motion to reconsider, but "a notice of appeal is not an adequate substitute for a petition for writ of certiorari." *See Wakeland v. N.M. Dep't of Workforce Sols.*, 2012-NMCA-021, ¶ 8, 274 P.3d 766. This Court will, however, view a docketing statement as a nonconforming petition for certiorari if the docketing statement is "timely and substantially complies with the content requirements of Rule 12-505 under a liberal interpretation." *Wakeland*, 2012-NMCA-021, ¶ 8.

**{13}** The question that remains, therefore, is whether the City's nonconforming petition for certiorari, filed as a docketing statement on March 6, 2023, was timely. We conclude that it was not. As we have explained, the appeal to the district court in the present case was governed by Rule 1-074, which explains that a motion for rehearing must be filed within ten days of the district court's order. *See* Rule 1-074(U). A timely filed motion for rehearing or reconsideration tolls the time to file an appeal. Rule 12-505(C); *see Kerr-McGee Nuclear Corp. v. N.M. Env't Improvement Bd.*, 1981-NMCA-044, ¶ 19, 97 N.M. 88, 637 P.2d 38 ("A rehearing refers to a reconsideration of a case by the same court in which the original determination was made." (internal quotation marks and citation omitted)). Otherwise, the petition for certiorari must be filed within thirty days of the entry of the final judgment. Rule 12-505(C). Because the City's motion for rehearing was filed more than ten days after the original order, that motion did not toll the time for filing the petition for certiorari, which was therefore due within thirty days of the original October 2022 district court order. In any event, even if the motion for rehearing had been timely, the March 2023 docketing statement was also not filed within thirty days of the January 2023 order denying reconsideration. *See Wakeland*, 2012-NMCA-021, ¶ 18 (noting that a "party often will not meet [the] requirement" to file a docketing statement within thirty days of the order to be reviewed). As a result, this is not one of "those unusual cases where a party happens to file both the notice of appeal and the docketing statement early" to meet the timing requirements of Rule 12-505(C). *See Wakeland*, 2012-NMCA-021, ¶ 19. Because the City did not file its docketing statement within thirty days of either the district court's October 2022 order reversing the City's denial of the HDRB appeal or the January 2023 order denying reconsideration, the docketing statement, viewed as a nonconforming petition for certiorari, was not timely.

**CONCLUSION**

**{14}** In *Wakeland*, we encouraged parties with "any uncertainty about whether review in this Court should be had as an appeal as of right or pursuant to discretionary review"

to file "both a timely notice of appeal in the district court and a timely petition for writ of certiorari in this Court." *Id.* ¶ 26. We suggested that

> [t]he party seeking review is free to explain the basis of their uncertainty about the proper procedure in their petition and to inform this Court that a notice of appeal has been timely filed in the district court. In the event the Court determines that the appeal, or some portion of the appeal, is of right, the party can request that the Court enter an order construing the petition as a docketing statement for those issues that are appealed as of right.

*Id.* This is a sensible procedure in light of the case-by-case nature of the analysis to determine in what capacity the district court has exercised its jurisdiction. Because the timely filing of a petition for certiorari is a mandatory precondition to this Court's exercise of jurisdiction, we "will not excuse the untimely filing of the non[]conforming document absent a showing of the kind of unusual circumstances that would justify an untimely petition." *Id.* ¶ 20. In the present case, the City does not set forth any unusual circumstances beyond its control to justify the untimely filing. The City's nonconforming petition for certiorari was therefore untimely, and we dismiss the appeal.

**{15} IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**SHAMMARA H. HENDERSON, Judge**